IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDDMON MARK HODGE JR., <br><br> Plaintiff, <br> v. <br><br> OCWEN LOAN SERVICING; ETITLE INSURANCE AGENCY; SCOTT LUNDBERG; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2007-2; NOVASTAR MORTGAGE, INC.; SAXON MORTGAGE SERVICING; MERS CORP., INC.; and DOES 1-25, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT and GRANTING MOTIONS TO DISMISS** <br><br> Case No. Case No. 2:11-cv-00837-DN <br><br> District Judge David Nuffer |

Several motions are pending in this case originally filed by Eddmon Mark Hodge, Jr., formerly a pro se plaintiff, for whom counsel has recently appeared.[1] Shortly after appearing, counsel filed a Motion for Leave to Amend Complaint (Motion to Amend),[2] seeking to replace the First Amended Complaint with a Second Amended Complaint.[3] Counsel points out that the purpose of the Motion to Amend and Proposed Second Amended Complaint is not to "make materially different claims," but "[r]ather, . . . to add and expand on claims that Plaintiff Pro Se had attempted to articulate in the original incarnations of its complaints."[4] Defendants oppose

---

[1] Notice of Appearance of Thomas D. Weber, docket no. 36, filed November 25, 2011; Notice of Appearance of Omar Melo as Lead Counsel for Plaintiff, docket no. 44, filed December 27, 2011.

[2] Motion for Leave to Amend Complaint (Motion to Amend), docket no. 40, filed December 15, 2011.

[3] The First Amended Complaint is titled "Amended Verified Complaint," docket no. 14, filed October 6, 2011; the Second Amended Complaint (which will be referred to as "Proposed Second Amended Complaint") is attached as Exhibit 1 to the Motion to Amend, docket no. 40, filed December 15, 2011.

[4] Reply Memorandum in Support of Motion for Leave to Amend Complaint (Reply Memorandum), docket no. 48, filed January 13, 2012.

the Motion to Amend, alleging it is untimely, prejudicial and futile. Saxon Mortgage Servicing (Saxon) filed an opposing memorandum[5] and multiple defendants (Other Defendants) filed a separate memorandum in opposition.[6] After careful consideration of Hodge's Proposed Second Amended Complaint, the Motion to Amend is denied. In addition, Defendants' motions to dismiss[7] are granted.

## Standard for Amendment

After amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[8] "In the absence of any apparent or declared reason—such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[9]

## Timeliness

The Other Defendants oppose the Motion to Amend because it is untimely.[10] They argue that "Plaintiff fails to provide any explanation whatsoever as to the reasons for the delay in seeking to amend until after Defendants submitted their Motion to Dismiss for decision."[11] Saxon did not address this issue in its opposition memorandum.

---

[5] Defendant Saxon Mortgage Servicing, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Saxon Opposition Memorandum 46), docket no. 46, filed December 30, 2011.

[6] Defendants Ocwen Loan Servicing, LLC (Ocwen); Deutsche Bank National Trust Company, as Trustee under NovaStar Mortgage Funding Trust, Series 2007-2 (Deutsche Bank as Trustee); Mortgage Electronic Registration Systems, Inc. (erroneously named as MERS Corp., Inc.) (MERS); eTitle Insurance Agency (eTitle); and Scott Lundberg (Lundberg) filed a Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Opposition Memorandum 43), docket no. 43, filed December 28, 2011.

[7] Motion to Dismiss Amended Verified Complaint, docket no. 17, filed October 17, 2011; Defendant Saxon's Motion to Dismiss Plaintiff's First Amended Complaint, docket no. 23, filed October 21, 2011.

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] Opposition Memorandum 43 at 6–7.

[11] *Id.* at 6.

The case was filed in state court August 15, 2011,[12] and there is no scheduling order restricting motions to amend. The case was only pending in this court (after removal)[13] for two months before counsel for Hodge appeared. At that time Hodge's counsel stated he "requires time to review the pleadings and to investigate the facts in this case and, specifically, to discern whether any motion to amend complaint should be filed."[14] The Motion to Amend (to which the Second Proposed Amended Complaint was attached) was filed about 40 days thereafter. This Motion to Amend is not untimely.

## Prejudice

The Other Defendants also claim that allowing amendment would be prejudicial to them because they would "incur additional attorney fees in moving to dismiss a third complaint."[15] Saxon did not address this issue in its opposition memorandum. While it is true that the defendants have briefed motions to dismiss[16] the prior complaints,[17] this is the first opportunity Hodge has had to state his claim through counsel. And the specter the Other Defendants portray of "having to incur additional attorney fees in moving to dismiss a third complaint"[18] is not convincing. In fact, their memorandum opposing this motion to amend on the basis of futility is really a brief supporting a motion to dismiss. The Motion to Amend is not prejudicial.

---

[12] *Id.* at 2.

[13] Notice of Removal, docket no. 2, filed September 15, 2011.

[14] Response to Defendants' Request to Submit for Decision, docket no. 37, filed November 25, 2011.

[15] Opposition Memorandum 43 at 8.

[16] Other Defendants' Motion to Dismiss [Original Complaint] for Failure to State a Claim, docket no. 6, filed September 22, 2011; Defendant Saxon's Motion to Dismiss [Original Complaint], docket no. 8, filed September 30, 2011, resolved by order in minute entry docket no. 21, filed October 20, 2011; [Other Defendants'] Motion to Dismiss Amended Verified Complaint [i.e., First Amended Complaint], docket no. 17, filed October 17, 2011; Defendant Saxon's Motion to Dismiss Plaintiff's First Amended Complaint, docket no. 23, filed October 23, 2011.

[17] The Original Complaint is attached to the Notice of Removal, docket no. 2-1, filed September 15, 2011. The First Amended Complaint is docket no. 14, filed October 6, 2011. The complaint currently under dispute—the Proposed Second Amended Complaint—was drafted by plaintiff's counsel, and is attached to the Motion to Amend, docket no. 40, filed December 15, 2011.

[18] Opposition Memorandum 43 at 8.

**Futility**

All defendants oppose the Motion to Amend on the basis of futility.[19] Although it is true that courts "should freely give leave [to amend] when justice so requires," a court may deny leave to amend based on the futility of the amendment.[20] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[21]

Each cause of action will be reviewed in sequence to determine if it contains "sufficient factual matter" and "state[s] a claim to relief that is plausible on its face" in order to survive dismissal.[22] Causes of action that contain a mere "formulaic recitation of the elements of a cause of action" will not survive,[23] nor will causes of action survive that "have been repeatedly rejected by this Court."[24]

**First Cause of Action – Breach of Contract**

The first cause of action for breach of contract alleges NovaStar agreed in the Trust Deed and Note to be the "Lender" under the trust deed, but failed to lend funds to Hodge.[25] Hodge does not allege that he did not receive loan funds; rather, he accuses NovaStar of securitizing his

---

[19] Opposition Memorandum 43 at 8–15; Saxon Opposition Memorandum 46 at 3–6.

[20] *Probert v. Clorox Co.*, 258 F.R.D. 491, 494 (D. Utah 2009); *see also Cobalt Flux, Inc. v. Positive Gaming AS*, Case No. 2:08-cv-00185 TS, 2008 WL 4534182, at *2 (D. Utah Oct. 6, 2008) ("A court may deny a motion for leave to amend when it would be futile to allow the plaintiff an opportunity to amend the complaint. If Plaintiffs' proposed Amended Complaint cannot withstand a motion to dismiss, amendment would be futile.").

[21] *Probert*, 258 F.R.D. at 494.

[22] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)).

[23] *Twombly*, 550 U.S. at 555.

[24] *Eyre v. GB Mortg., LLC*, No. 2:10-cv-00717 TS, 2011 WL 2011468, at *3 (D. Utah May 23, 2011); *see also Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, Nos. 10-4182, 10-4193, 10-4215, 2011 WL 6739431, at *4 (10th Cir. Dec. 23, 2011) ("Dismissal is appropriate if the law simply affords no relief."); *Maldonado v. Hodel*, 1990 WL 446718, at *2 (10th Cir. June 28, 1990) (unpublished) ("Given the precedent established by these cases, we agree that plaintiffs have failed to state a claim upon which relief may be granted and therefore affirm the district court's dismissal of this action.").

[25] Proposed Second Amended Complaint at 18.

loan and "merely advanc[ing] funds from investors."[26]  This, Hodge argues, "materially altered Plaintiff's loan experience and therefore constitutes a material breach of the contract by Novastar."[27]  As a result, Hodge argues, "neither it [NovaStar] nor its successor is entitled to invoke the power of sale."[28]  In short, Hodge argues that foreclosure was a breach of contract because his mortgage was securitized.

The Other Defendants respond by arguing that the securitization argument has been "rejected by courts in the State of Utah. . . . Therefore, those claims would not survive a motion to dismiss."[29]  Defendant Saxon argues that it "had no contractual relationship with Plaintiff, such that the contract-related claims . . . cannot, under any circumstance, state a claim against Defendant Saxon."[30]  Defendant Saxon and the Other Defendants are correct.

The theory Hodge relies on here—that NovaStar and its successors breached the contract because the mortgage was securitized and therefore cannot foreclose—has been flatly rejected by federal and state courts in Utah.[31]  Thus, Hodge fails to plead a legally cognizable cause of action for breach of contract even if the factual allegations regarding securitization are true.  It is well settled in both state and federal courts applying Utah law that the holder of a trust deed may securitize the note and still maintain its ability to foreclose.[32]  Therefore, Hodge's first cause of action fails because it would not withstand a motion to dismiss.

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Opposition Memorandum 43 at 8.

[30] Saxon Opposition Memorandum 46 at 4.

[31] *See, e.g.*, *Commonwealth Prop. Advocates*, 2011 WL 6739431; *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d 397, 405 (Utah. Ct. App. 2011), *cert. denied*, 268 P.3d 192 (Utah 2011).

[32] *Id.*

**Second Cause of Action - Breach of Covenant of Good Faith and Fair Dealing**

The second cause of action alleges breach of the covenant of good faith and fair dealing.[33] Hodge alleges three breaches:

> 106. Ocwen by failing to present evidence, upon Plaintiff'[s] numerous pre-litigation written and verbal requests, including letters, regarding the unidentified and/or misrepresented current foreclosor's [sic] authority to foreclose has breached the covenant of good faith and fair dealing.
>
> 107. Defendant's lack of disclosure and access to account information and details comprises an intentional effort on behalf of the Defendants to deprive Plaintiff of his rights.
>
> 108. Defendants breached their duty of good faith and fair dealing by conducting foreclosure activities on Plaintiff's property at the same time they were engaged in loan modification negotiations.

All allegations are presumably made against Ocwen. But Hodge does not claim to have any contractual relationship with Ocwen. He only states "Ocwen claims to be servicing the note on behalf of an unnamed note holder."[34] The duty of good faith and fair dealing arises out of a contract,[35] and without a contract, Hodge has no claim against Ocwen. Paradoxically, Hodge argues "it is precisely Plaintiff's contention that Defendants LACK a valid contractual relationship with Plaintiff which renders their foreclosure efforts invalid and renders this question mood [sic]."[36] Without allegation of a contract to support a duty of good faith and fair dealing, this cause of action cannot survive.

---

[33] Proposed Second Amended Complaint at 18.

[34] *Id.* at 2; *see also id.* at 6.

[35] *See Peterson & Simpson v. IHC Health Svcs., Inc.*, 217 P.3d 716, 722 (Utah 2009) ("[T]he duties of good faith and fair dealing arise out of the relationship between the parties created by the contract and have no independent existence outside of the contract[.]").

[36] Reply Memorandum at 8.

Even if there were a contractual relationship, however, the covenant of good faith and fair dealing "cannot create rights and duties inconsistent with express contractual terms."[37] The Trust Deed gives "MERS (as nominee for Lender [NovaStar] and Lender's successors and assigns) . . . the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ."[38] Thus, foreclosure was an express contractual term and it was not a breach of the covenant of good faith and fair dealing to exercise the foreclosure option before complying with Hodge's disclosure demands.

Hodge also alleges that engaging in loan modification negotiations while at the same time engaging in foreclosure proceedings breaches the covenant of good faith and fair dealing.[39] He does not argue this point in his memorandum and provides no authority for the proposition that commencing loan modification negotiations during a foreclosure proceeding violates the covenant of good faith and fair dealing. Indeed, it is difficult to see how one violates the covenant of good faith and fair dealing by merely attempting to renegotiate the terms of a loan. An attempt to settle a dispute cannot deprive a party of rights which led to the dispute. As a result, Hodge's second cause of action fails because it would not survive a motion to dismiss.

**Third Cause of Action - Intentional or Negligent Misrepresentation**

Hodge's third cause of action alleges that each of the following defendants engaged in actions that constitute "material" misrepresentations:[40]

Ocwen—by withholding the identity of the "Note Holder" under the Note, by withholding the identity of the "Beneficiary" under the Trust Deed,[41] and by failing to

---

[37] *Oakwood Village LLC v. Albertsons, Inc.*, 104 P.3d 1226, 1240 (Utah 2004).

[38] Deed of Trust, attached to Other Defendants' Memorandum in Support of Motion to Dismiss First Amended Complaint, docket no. 18-1, filed October 17, 2011.

[39] Proposed Second Amended Complaint at 19.

[40] *Id.* at 21.

[41] *Id.* at 20.

respond to his "pre-litigation written and verbal requests" asking for proof of authority to foreclose.[42]

MERS—by assigning to NovaStar an interest in Hodge's Trust Deed and then recording the assignment,[43] and by claiming to be a beneficiary to the Trust Deed when "no true beneficiary existed after the origination of the loan."[44]

NovaStar—by "falsely claim[ing] that it had lent money to the Plaintiff when it did not,"[45] and by "misrepresent[ing] that Plaintiff'[s] loan would not be securitized."[46]

Deutsche Bank—by "falsely claim[ing] that it was the Plaintiff's 'creditor' when it was not."[47]

The Other Defendants argue that these claims—the "show-me-the-note" theory, the "prove-the-transaction" theory, and the argument that MERS lacks authority to act as beneficiary—have all been "repeatedly rejected by Utah state and federal courts."[48] Saxon argues that these claims fail as to Saxon because Hodge did not plead with particularity a prima facie case of fraud with regard to Saxon.[49]

A party commits negligent misrepresentation when it makes an "affirmative assertion" which is false or when it omits a material fact it has a "duty to disclose."[50] "Negligent misrepresentation differs from intentional misrepresentation only in that negligent misrepresentation may be established without identifying the intentional mental state necessary to establish intentional misrepresentation."[51] Here, Hodge has failed to allege that Ocwen,

---

[42] *Id.*

[43] *Id.*

[44] *Id.* at 20, 21.

[45] *Id.* at 20.

[46] *Id.* at 21.

[47] *Id.*

[48] Opposition Memorandum 43 at 9–10.

[49] Saxon Opposition Memorandum 46 at 5.

[50] *See Hoverman v. CitiMortgage, Inc.,* No. 2:11-cv-00118-DAK, 2011 WL 3421406, at *5 (D. Utah Aug. 4, 2011).

[51] *Id.* (internal quotations omitted).

MERS, NovaStar, or Deutsche Bank either made affirmative assertions that were false, or omitted material facts *they had a duty to disclose*. Hodge has also failed to state how Saxon engaged in negligent or intentional misrepresentation.

Hodge's allegation that Ocwen engaged in misrepresentation by withholding the identities of the "Note Holder" and the "Beneficiary" does not constitute misrepresentation.[52] Withholding identities is not an affirmative assertion.[53] Therefore, Ocwen committed misrepresentation only if it had a duty to disclose the identity of the "Note Holder" and "Beneficiary." Under the Trust Deed and the Note, no such duty exists. Likewise, Ocwen's alleged failure to disclose its authority to foreclose was not an "affirmative assertion," nor did Ocwen have a duty to disclose its authority to foreclose.

Hodge's argument that MERS engaged in misrepresentation by subsequently assigning an interest in the Trust Deed to another party and then recording the assignment is similarly without merit. It is based on the allegation that no beneficiary existed after the origination of the loan. "The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary for the Trust Deed."[54] Under the clear and unequivocal language of the Trust Deed: "The beneficiary of this Security Instrument is MERS . . . and the successors and assigns of MERS."[55] Therefore, there is no doubt that MERS was the beneficiary after the loan was originated, and had the authority to assign an interest in the Trust Deed to another party.

Hodge's arguments as to NovaStar also fail. His conclusory allegation that "Novastar misrepresented that Plaintiff' [sic] loan would not be securitized" is not supported by any other

---

[52] *Id.* at *6.

[53] *Id.*

[54] *Wade v. Meridias Capital, Inc.*, No. 2:10-cv-00998-DS, 2011 WL 997161, at *2 n.10 (D. Utah Mar. 17, 2011).

[55] Deed of Trust at 3.

facts.[56] This fails the requirement under Rule 9(b) to plead fraud or mistake with "particularity."[57] However, even if Hodge included more detail, his argument that the money he received was actually from investors and not from NovaStar still fails. The Trust Deed specifically states that the Note can be "sold one or more times without prior notice to Borrower."[58] "Therefore, according to the terms of the Trust Deed, [NovaStar] could sell the Note in a securitization process, not only without obtaining consent from [Hodge], but also without even *notifying* [Hodge] of the sale."[59] Thus, Hodge's claims as to NovaStar fail to state a claim for misrepresentation.

Finally, Hodge's bald claim that "[o]n December 16, 2008, Deutsche Bank falsely claimed that it was the Plaintiff's 'creditor' when it was not"[60] fails to plead with "particularity" as Rule 9(b) requires.[61] Although the time of the alleged misrepresentation is stated, the place, content, and manner of the misrepresentation are not stated.[62] This conclusory accusation fails to state a claim for misrepresentation.

Therefore, Hodge's third cause of action fails as to all defendants because it would not survive a motion to dismiss.

---

[56] Proposed Second Amended Complaint at 21.

[57] Fed. R. Civ. P. 9(b).

[58] Deed of Trust at 11.

[59] *Hoverman*, 2011 WL 3421406, at *7 (interpreting language in a trust deed that is identical to the Trust Deed here).

[60] Proposed Second Amended Complaint at 21.

[61] *See* Fed. R. Civ. P. 9(b).

[62] *See Cook v. Zions First Nat'l Bank*, 645 F.Supp. 423, 425 (D. Utah 1986) (Plaintiff alleging fraud must "set forth in specific terms the time, place, content, and manner of each defendant's alleged material misrepresentations or otherwise fraudulent conduct.").

**Fourth Cause of Action - Violation of Utah Consumer Protection Statutes**

Hodge's fourth cause of action alleges that Defendants have violated the Utah Consumer Sales Practices Act and the Utah Truth in Advertising Act.[63] However, Hodge fails to provide any factual support for these claims. Hodge's only allegation is that "[t]hrough the actions they [Defendants] have taken, Defendants have violated the Utah Consumer Sales Practices Act [and the Utah Truth in Advertising Act]."[64] Such a dearth of factual specificity is a "formulaic recitation of the elements of a cause of action" which will not survive a motion to dismiss.[65]

**Fifth Cause of Action – Quiet Title**

The essence of Hodge's quiet title claim[66] is that "Defendants have no interest in the subject property."[67] He argues that "it is doubtful that Defendants can provide the full chain of title and what they paid for the privilege in each section of the chain."[68] Again, Hodge fails to state his claim with particularity. He does not identify how each defendant lacks an interest in the subject property, but instead broadly asserts that "all Defendants have no interest" in it.[69] But this is not the only reason the quiet title claim fails.

"In order to succeed in an action to quiet title to real estate, a party must prevail on the strength of its own claim to title and not on the weakness of a defendant's title or to even its total lack of title."[70] As the Other Defendants correctly indicate, Hodge did not allege anything to

---

[63] The Utah Consumer Sales Practices Act is codified at UTAH CODE ANN. § 13-11-1 et seq., and the Utah Truth in Advertising Act is codified at UTAH CODE ANN. § 13-11a-1 et seq.

[64] Proposed Second Amended Complaint at 22.

[65] *Twombly*, 550 U.S. at 555.

[66] Proposed Second Amended Complaint at 23.

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Hoverman*, 2011 WL 3421406, at *10.

show the strength of his interest in title.[71] Therefore, because he does not provide any information regarding the strength of his own claim to title, but rather focuses on the alleged defects in the Defendants' title, there is no basis for quieting title in Hodge's name and the fifth cause of action fails.

**Sixth Cause of Action – Lack of Formation of Contract**

Hodge's sixth cause of action alleges that no contract was formed when the Trust Deed was signed "because the statements contained therein were untrue and the failure to disclose these facts to the borrower acted to the borrower's detriment and there was no meeting of the minds, no consideration and an utter failure to create a security instrument."[72] However, Hodge has not explained how any statement in the Trust Deed is untrue. In the single paragraph that comprises the cause of action for lack of formation of contract, Hodge has neither identified untrue statements, nor alleged facts in support of his conclusion that statements in the Trust Deed were untrue. In the absence of such crucial information, and in light of the fact that Hodge did in fact sign the Trust Deed, Hodge's sixth cause of action fails.

**Seventh Cause of Action – Declaratory and Injunctive Relief**

Hodge's seventh cause of action asks for declaratory relief.[73] He argues that "the preceding items [those set forth in the Second Amended Complaint] should be judicially declared, and it should be further declared that MERS does not have the authority to supersede and ignore the traditional recording methods."[74] Hodge also asks for injunctive relief to prevent foreclosure and argues that he meets the requirements for a preliminary injunction.[75]

---

[71] Opposition Memorandum 43 at 13.

[72] Proposed Second Amended Complaint at 24.

[73] *Id.*

[74] *Id.* at 25.

[75] *Id.* at 26.

The request for declaratory or injunctive relief as a cause of action is misplaced. "[R]equests for declaratory or injunctive relief are actually remedies for other alleged causes of action and do not qualify as causes of action on their own."[76] Thus, the seventh cause of action is not a legitimate cause of action, but rather a remedy that is provided for separately pleaded claims. Therefore, the seventh cause of action fails.

**Eighth Cause of Action – Breach of Fiduciary Duty**

Hodge's claim for breach of fiduciary duty[77] names a law firm (Halliday & Watkins) which is not a party to this case.[78] However, Hodge makes several allegations against the "Trustee,"[79] which he identifies as Lundberg & Associates.[80] Hodge argues that the Trustee has "failed in its obligation and responsibilities . . . not to ignore the rights and interests of the Plaintiff."[81]

A trustee under a trust deed does not owe duties to the debtor. "A trustee's primary obligation is to assure the payment of the debt secured by the trust deed."[82] The nominal title of "trustee" is not enough to establish a fiduciary interest. "[A] fiduciary duty arises not from the mere existence of the trustor-trustee relationship, but rather from facts evidencing a confidential relationship above and beyond that ordinarily found between trustor and trustee."[83] Hodge has

---

[76] *Hoverman*, 2011 WL 3421406, at *10.

[77] Proposed Second Amended Complaint at 26–27.

[78] *Id.* at 27. Plaintiff's Proposed Second Amended Complaint also mentions an unknown entity (MBS) in its Fifth and Seventh Causes of Action.

[79] *Id.*

[80] *Id.* at 5.

[81] *Id.* at 27.

[82] *Russell v. Lundberg*, 120 P.3d 541, 545 (Utah Ct. App. 2005).

[83] *Id.*

13

not alleged or argued any of the circumstances which give rise to fiduciary duties. Therefore, the eighth cause of action fails.

### [First] Ninth Cause of Action – Negligence

Hodge's [first][84] ninth cause of action alleges that "Defendants breached their duty of ordinary care and good faith and fair dealing by failing to implement their foreclosure processes with adequate oversight, internal controls, policies, and procedures, compliance risk management, internal audit, third party management, and training."[85] According to Hodge, this was a duty owed to him by the Defendants which was breached and which caused him damages.[86]

However, as Defendant Saxon argues, "Plaintiff's negligence claim arises exclusively from Plaintiff's contractual associations arising out of the Deed of Trust, and are therefore barred" by the "economic loss rule."[87] The economic loss rule "bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury."[88] It exists to "mark[] the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care."[89] In short, a plaintiff cannot pursue a tort claim for conduct governed by contract unless he can show physical damage to property or bodily injury.

---

[84] Plaintiff included two "Ninth" causes of action in his Proposed Second Amended Complaint.

[85] Proposed Second Amended Complaint at 28.

[86] *Id.*

[87] Saxon Opposition Memorandum 46 at 5.

[88] *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 230 P.3d 1000, 1006 (Utah 2010); *see also Knight v. BAC Home Loans Servicing, LP*, No. 2:10-cv-00898-DS, 2011 WL 2161104, at *2 (D. Utah June 1, 2011).

[89] *Sunridge*, 230 P.3d at 1006.

Here, Hodge has not alleged that he has suffered physical damage to property or bodily injury as a result of Defendants' conduct. Rather, he has merely alleged "substantial damages."[90] Thus, since Hodge's tort claim for negligence is based on conduct governed by contract (i.e., foreclosure proceedings governed by the Trust Deed and the Note), it is barred by the economic loss rule. The [first] ninth cause of action fails.

**[Second] Ninth Cause of Action – Equitable Relief**

In the final paragraphs of the Proposed Second Amended Complaint, Hodge makes four conclusory statements, without incorporating any prior allegations.[91] However, even if prior allegations were incorporated, this claim for "equitable relief" is not a legitimate cause of action, but is rather a remedy that is provided for valid causes of action. Therefore, Hodge's [second] ninth cause of action fails as well.

## Motion to Amend

Hodge concedes that the securitization, "show-me-the-note," "split-the-note," and other arguments he raises in his Proposed Second Amended Complaint have been previously rejected.[92] Nevertheless, Hodge argues that the Motion to Amend, which is based on those same arguments, is not futile because the accusations leveled against Defendants "create a rather grim picture of Defendants' role in foreclosure against [Hodge]."[93] However, the degree to which a complaint paints a "grim picture" of a defendant's alleged misconduct is not the standard by which futility or dismissal is decided. To avoid futility or dismissal, a complaint must state with

---

[90] Proposed Second Amended Complaint at 28.

[91] *Id.* at 28–29.

[92] Reply Memorandum at 6. For a discussion of the reasoning for rejecting these arguments, *see, e.g., McGinnis v. GMAC Mortg. Corp.*, No. 2:10-cv-00301-TC, 2010 WL 3418204 (D. Utah Aug. 27, 2010); *Marty v. Mortg. Elec. Registration Sys.*, No. 1:10-cv-00033-CW, 2010 WL 4117196 (D. Utah Oct. 19, 2010); and *Wade*, 2011 WL 997161.

[93] Reply Memorandum at 6.

particularity legally cognizable causes of action. The Proposed Second Amended Complaint fails to do so.

Although the Motion to Amend is not untimely and not prejudicial to the Defendants, it fails because it is futile and would not withstand a motion to dismiss. Each of Hodge's causes of action fails as discussed, for noncompliance with Rule 9(b) of the Federal Rules of Civil Procedure, failure to state a claim upon which relief may be granted, stating claims that have been rejected by Utah state and federal courts, or combinations of these three failures. Accordingly, the Motion to Amend is DENIED.

## Motions to Dismiss First Amended Complaint

Prior to Hodge's filing of the Motion to Amend, the Other Defendants and Saxon brought motions to dismiss Hodge's First Amended Complaint. For the reasons set forth below, these motions are GRANTED.

The First Amended Complaint is based on the same arguments as the Proposed Second Amended Complaint. In fact, Hodge's counsel explicitly rejects "the notion that Plaintiff is changing its complaint to make materially different claims."[94] Because the First Amended Complaint is based on the same arguments that are made in the Proposed Second Amended Complaint, which fails to survive a motion to dismiss, Hodge's First Amended Complaint fails as well for the reasons stated in this order.

This conclusion is not altered by the fact that the First Amended Complaint was drafted by a pro se litigant. Even accepting all allegations as true and liberally construing the First Amended Complaint, there is no claim contained therein that was not already addressed in this

---

[94] *Id.* at 4–5.

Memorandum Decision and Order. Therefore, the pending motions to dismiss the First Amended Complaint are GRANTED.

Consequently, Hodge's Motion to Remand[95] is MOOT.

## ORDER

IT IS HEREBY ORDERED that the Motion to Amend[96] is DENIED and the motions to dismiss the First Amended Complaint[97] are GRANTED.

Signed April 24, 2012.

BY THE COURT

_____
District Judge David Nuffer

---

[95] Plaintiff's Motion to Remand to the Fifth Judicial District Court of the State of Utah, docket no. 13, filed October 6, 2011.

[96] Motion for Leave to Amend Complaint, docket no. 40, filed December 15, 2011.

[97] [Other Defendants'] Motion to Dismiss Amended Verified Complaint [i.e., First Amended Complaint], docket no. 17, filed November 1, 2011; Defendant Saxon's Motion to Dismiss Plaintiff's First Amended Complaint, docket no. 23, filed October 21, 2011.